May 22, 1978.

M. P. No. 77-288. TOWN OF WESTERLY *v.* JAMES PARKER. This case is before us on certiorari to the Fourth Division District Court in Westerly to reveiw the legality of the summary commitment of a defendant for nonpayment of a fine and court costs.

James R. Parker, who was 18 years old at the time of the offenses charged, was brought before the District Court on August 6, 1977 for disorderly conduct and possession of a concealed weapon. On August 12, 1977, not being represented by counsel, he was arraigned and pleaded guilty to both charges; he was sentenced to pay fines of $50.00 on the disorderly offense and $200.00 on the weapons charge, and to pay $3.50 in court costs. Previously-posted cash bail of $150.00 was applied to the fines, but for want of the remaining $103.50 he was committed to the Adult Correctional Institutions to work off the remainder of the fines and costs. On arrival at the Adult Correctional Institutions, Mr. Parker was further assessed costs of $26.00 to cover travel from the District Court and $.50 for a "gate fee."

On August 24, 1977, this Court released the petitioner from confinement on personal recognizance and on September 30, 1977 we granted certiorari.

The Department of the Attorney General and the Office of Town Solicitor of Westerly have stipulated that the petitioner's confinement was unlawful and that the issues raised thereby are controlled by the United States Supreme Court opinions of *Tate* v. *Short*, 401 U.S. 395 (1971) and *Williams* v. *Illinois*, 399 U.S. 235 (1970). They agree than an individual may not be imprisoned on account of his or her financial inability to pay a fine or costs. A defendant may be committed for nonpayment only after a hearing at which it is determined that his or her refusal to pay is unjustified.[1] As the petitioner in the instant case was not afforded such a hearing, his commitment was unlawful.

We need not reach the question of the legality of the imposition of travel and gatefee costs in the instant case, as they must be vacated as the result of an unlawful commitment. The parties, including the petitioner, have stipulated that this question is moot.

In 1973, in *Carver* v. *Howard*, 112 R.I. 918, 310 A.2d 145, we reviewed on habeas corpus the case of a defendant who had been summarily incarcerated for nonpayment of a fine. We ordered his release and remanded the case to the District Court with the instruction that that Court,

> ... in consonance with *Tate* v. *Short*, 401 U.S. 395, 91 S. Ct. 668, 28 L. Ed. 2d 130 (1971) shall canvas the alternatives to which it may resort in order to avoid imprisoning the petitioner, notwithstanding his indigency, because of inability to pay the fine levied against him.

We reissue this directive.

The petition for certiorari is granted, the order committing

---

[1] This defendant has not been alleged to be an individual who will never be able to pay the fine and costs.

the petitioner to confinement and the assessment of travel and gatefee costs are quashed, and the records certified to this Court are ordered returned to the District Court with our decision endorsed thereon. *Julius C. Michaelson,* Attorney General, *Nancy Marks Rahmes,* Special Assistant Attorney General, for plaintiff-respondent. *William F. Reilly,* Public Defender, *Barbara Hurst,* Chief Appellate Attorney, for defendant-petitioner.